UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FELIPPE MARCUS,

        Plaintiff,

v.                                                                      20-CV-316 (JLS)

TIMOTHY HOWARD, Erie County
Sheriff, et al.,

        Defendants.
_____

## ORDER

For the reasons below, Marcus is granted leave to amend the complaint, or his claims will be dismissed.

## BACKGROUND

In order to address how to proceed further, in the light of the confusing and potentially conflicting information presented to the Court at the Court's direction, a summary of the procedural history of this action is necessary.

### I. PROCEDURAL HISTORY

*Pro se* Plaintiff, Felippe Marcus, formerly a pre-trial detainee at the Erie County Holding Center ("ECHC"), filed this action under 42 U.S.C. § 1983 alleging that, on March 30, 2018, he was beaten to a state of unconsciousness by a number of Erie County Sheriff's Deputies at ECHC. *See generally* Dkt. 1. These Deputies were not identified by name and were sued as John Does 1-10. *Id.* at 1-2. Marcus

also named as Defendants the Sheriff of Erie County, Superintendent of Jail Management, and County of Erie. *Id.*

Marcus was granted permission to proceed *in forma pauperis*. Dkt. 3, at 14. Upon screening of the Complaint under 42 U.S.C. §§ 1915(e)(2)(B), this Court (1) dismissed the claims against the named Defendants, except those asserted against John Does 1-10, unless Marcus filed an amended complaint as directed in the Order; (2) directed the County Attorney for the County of Erie, New York, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997), to ascertain the identities of Defendants John Does 1-10; and (3) directed that if Marcus did not file an amended complaint as permitted, the Clerk of Court should cause the U.S. Marshals Service to serve the Summons and Complaint on John Does 1-10, if and when they were identified. *Id.* at 14-15. Marcus did not file an amended complaint.

The County filed a response to the Court's Order ("*Valentin* Response"),[1] which stated that Marcus was not in the custody of ECHC on the date of the alleged attack, March 30, 2018, and, therefore, the County Attorney's Office could not determine the identities of John Does 1-10. Dkt. 5, at 1-2. The response also requested dismissal of the Complaint, but no formal motion was made. *Id.* The *Valentin* Response attached copies of a history of Marcus's detention at ECHC, which indicated that Marcus was not detained at ECHC on March 30, 2018, but was detained there from April 4 (five days after the date asserted in the Complaint)

---

[1] The *Valentin* Response was docketed with restricted access because it contains the names of other inmates booked at ECHC on March 30, 2018, the asserted date of the alleged incident.

through April 27, 2018. *Id.* at 3. It also attached copies of correspondence between an Assistant County Attorney and an attorney representing Marcus at the time regarding the withdrawal of a Notice of Claim, *see* N.Y. Gen. Mun. L. § 50-e, filed by Marcus against the County of Erie. *Id.* at 4-8. The Notice of Claim presumably related to the incident at issue and was purportedly withdrawn based on the booking information shared with Marcus's attorney showing that Marcus was not booked or detained at ECHC on March 30, 2018. *Id.* at 3-8.

Based on the *Valentin* Response, it appeared that Marcus was not in the custody of the Sheriff's Department at ECHC on the date of the alleged attack asserted in the Complaint, March 30, 2018—and that the John Doe Defendants could not be identified because they could not have been involved in the alleged assault. On December 2, 2020, in order to address this apparent mistake or inconsistency, the Court entered an Order directing Marcus to file a written response confirming the date of the alleged attack. Dkt. 6.

Marcus filed a Response ("Response") to the Order, which, rather than providing a different date the alleged attack occurred, provided information that resolves little and adds more confusion surrounding his allegations and who the John Doe Defendants may be, if anyone. Dkt. 7. The information provided by Marcus, including medical records, does not support his claim that he was attacked on March 30, 2018. But, because the Court must, at this stage of the litigation, assume the facts pleaded in the Complaint as true, *see Erickson v. Pardus*, 551 U.S.

89, 93-94 (2007) (citation omitted), it cannot assess the truth or credibility of Marcus's allegations.

## II.   MARCUS'S RESPONSE

Marcus's Response provides numerous documents that provide information regarding his arrest on March 30, 2018 and what appears to be some type of drug-induced seizure while in City of Buffalo police custody but before receipt at ECHC. *See generally* Dkt. 7. These documents include various City of Buffalo Police Department ("BPD") Arrest and Booking records, Buffalo City Court records, and medical records from the Erie County Medical Center ("ECMC"). *Id.* He also submitted a DVD.[2] Dkt. 8.

A review of the BPD and City Court records provided indicate that Marcus was pulled over by BPD in the City of Buffalo on March 30, 2018 at 9:30 pm. Dkt. 7, at 7, 13-15. Then, upon a search of his vehicle, he was arrested on charges of criminal possession of a controlled substance (cocaine), operating a motor vehicle with improper plates, and a "number plate" violation. *Id.* at 3-4 (BPD Arresting/Booking Report); *id.* at 5 (City of Buffalo Police Department, City Court Booking); *id.* at 7 (Buffalo City of Information/Complaint); *id.* at 12 (Uniform Traffic Ticket); *id.* at 13 (Arrest/Booking Form); *id.* at 14 (BPD Police Report/Narcotics). The arresting and assisting officers were John Seitz, Jr. and Jake J. Giarrano. *Id.* at 3-4 (BPD Arresting/Booking Report). The BPD Officer who signed the criminal

---

[2] The Court was unable to access or review the materials provided on the DVD.

complaint and obtained a statement from Marcus was Calvin McKnight. *Id.* at 6-7 (N.Y. Crim. Proc. L. § 710.30 Notice, and Information/Complaint).

At some point following the arrest, possibly while Marcus was being booked by BPD, *see id.* at 4 (BPD Prisoner's Property Ticket), at 16 (City of Buffalo Police Department, Central Booking Bureau, Case History), Marcus had some type of medical emergency—described as "seizure like activity"—and was taken to ECMC by Emergency Medical Service (EMS) in the early morning hours of March 31, 2018. *Id.* at 20 (ECMC Discharge Summary). Marcus was "agitated and writhing out of bed," and there was dried blood in his mouth, "suggesting likely seizure." *Id.* at 21 (ECMC Provider Report, March 31, 2018 at 1:30 am. (01:30). This Report notes that, "[a]fter he was taken to the *holding center*,[3] he began to have a seizure and was therefore brought to [ECMC Emergency Department] for evaluation." *Id.* (emphasis added). The emergency department's "primary impression" was "cocaine abuse", and "additional impressions" were "seizure" and "agitation". *Id.* at 25. A CT Scan of the face showed "[n]o acute maxillofacial fracture identified." *Id.* at 32 (ECMC Department of Imaging Services Report). It also noted that Marcus was "status post ORIF fracture of the mandible" and "mandibular fracture identified." *Id.* A CT Scan of the head showed "no acute intracranial abnormality" and that

---

[3] This is the only reference to the "holding center" the Court could locate in any of the records, including the ones provided by the County Attorney's Office that indicate Marcus was not booked at ECHC until April 4, 2018, which was after he was discharged from ECMC.

5

there was "no hemorrhage or extra-axial fluid collections." *Id.* at 34. At one point, Marcus was comatose and on a ventilator. *Id.* at 41.

## DISCUSSION

The only things that are clear to the Court at this time is that (1) Marcus believes (and alleges) that, at approximately 9:00 p.m., he was assaulted at ECHC by deputies of the Erie County Sheriff's Department following his arrest by BPD officers on March 30, 2018, *see* Dkt. 1, at 2 ¶¶ at 2-3, at 4-5 ¶¶ 10-11; and that (2) the booking records provided by the County Attorney's Office in response to the Court's *Valentin* Order indicate that Marcus was not booked at ECHC the evening or early morning hours of the arrest, but rather was booked there on April 4, 2018, following his discharge from ECMC. Dkt. 5, at 1-3.

Because it is a plaintiff's responsibility to provide allegations sufficient to allege a plausible claim for relief against a defendant allegedly responsible for the constitutional violation, *see Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), Marcus will be provided one last opportunity to file an amended complaint. The amended complaint must contain sufficient allegations against the individuals allegedly responsible for the alleged misconduct on March 30, 2018, and/or the municipality that employed said individuals. *See Monell v. N.Y. City Dep't Soc. Servs..*, 436 U.S. 658, 691-95 (1978) (a local government may not be held liable under Section 1983 unless the challenged action was performed pursuant to a municipal policy or custom).

6

While Marcus can name John Doe Defendants if he does not know or cannot discern from the records provided in his Response the identities of the individuals whom he claims assaulted him, he must, at least, allege what entity the individuals were employed by **and** any and all information he knows (or is in possession of) that could assist the Court and the entity allegedly involved to ascertain the identifies of the individuals. Simply alleging again that the John Does who allegedly assaulted him were deputies employed by the County will not suffice.

The Court has done what it can and what is required under *Valentin* to assist Marcus in identifying the individuals he claims assaulted him. *Valentin*, 121 F.3d at 75 (a district court has an obligation to assist a *pro se* prison litigant to obtain discovery necessary to identify John Doe Defendants). The Court, however, does not have an obligation to make Marcus's claims for him, allege what municipal entity he claims employed the individuals whom he claims assaulted him—*e.g.*, Erie County or City of Buffalo—or otherwise identify those individuals he cannot himself identify. "The Second Circuit has held that *pro se* litigants proceeding *in forma pauperis* are entitled to rely on service by the U.S. Marshals Service. . . . However, plaintiff is required to provide the information necessary for the Marshals to effect service." *Gustaff v. MT Ultimate Healthcare*, No. 06-CV-5496(SLT)(LB), 2007 WL 2028103, at *2 (E.D.N.Y. June 21, 2007), *report and recommendation adopted*, 2007 WL 2028104 (E.D.N.Y. July 11, 2007) (citations omitted); *see also Valentin*, 121 F.3d at 76 (explaining that dismissal of a complaint may be warranted where, after appropriate inquiry, the Court determines "that the information available is

insufficient to identify the defendant with enough specificity to permit service of process"); *Lapoint v. Vasiloff*, No. 1:15-CV-185, 2016 WL 951566, at *5 (N.D.N.Y. Mar. 9, 2016) ("[T]he plaintiff is ultimately required to identify each defendant by name, or else . . . provide sufficient factual basis to allow the defendants to successfully identify the John Doe Defendants and prepare for a defense.") (citation omitted)).

Marcus has not done so. His claim that he was assaulted by Sheriff's Deputies at ECHC is contradicted by the arrest and booking records provided by him and the County Attorney's Office, the latter of which clearly indicate that he was not booked at ECHC until April 4, 2018. While he claims he was assaulted on March 30, 2018, sometime following his arrest by BPD, he makes no claim that he was assaulted by the BPD Officers who arrested him or anyone with the BPD during booking.

Marcus must, therefore, as directed below, file an amended complaint no later than 30 days from the date of this Order. His failure to do so will result in the dismissal of this action, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted. *See Valentin*, 121 F.3d at 76.

Marcus is reminded that the statute of limitations for an action under 42 U.S.C. § 1983 is three years from the date of the incident giving rise to the claim alleged. *Okure v. Owens*, 488 U.S. 235, 251 (1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990). The Second Circuit has interpreted Rule 15(c)(1)(C) to "preclude relation back for amended complaints that add new defendants, where the

8

newly added defendants were not named originally because the plaintiff did not know their identities." *Liverpool v. Davis*, 442 F. Supp. 3d 714, 725 (S.D.N.Y. 2020) (citing *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013)).

If Marcus needs assistance with filing an amended complaint, he can contact the Court's Pro Se Assistance Program ("PSAP") by calling (716) 847-0662, ext. 340.[4]

## CONCLUSION

IT HEREBY IS ORDERED that Marcus is granted leave to file an amended complaint as directed above **no later than 30 days after the date of this Order**;

FURTHER, that the Clerk of Court is directed to send to Marcus with this Order, a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event Marcus fails to file an amended complaint as directed above **no later than 30 days after the date of this Order**, this action shall be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without further order of the Court;

---

[4] At this time, PSAP is operating remotely only and, upon leaving a message at this number, someone will return his call, conduct an intake interview and schedule an appointment with a volunteer attorney if Marcus qualifies for assistance. Marcus is advised that the volunteer attorney he may speak with will provide only limited scope advice during a brief telephonic meeting. The volunteer attorney will not act as his attorney for this case or appear on his behalf in any manner in this case as his attorney. The volunteer attorney will only provide him advice and guidance with respect to preparing an amended complaint. He or she will not prepare the amended complaint and can and will only provide advice and guidance about preparing the amended complaint.

FURTHER, that in the event this action is dismissed because Marcus has failed to file an amended complaint **no later than 30 days after the date of this Order**, the Clerk of Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Marcus has failed to file an amended complaint **no later than 30 days after the date of this Order**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   January 25, 2021
         Buffalo, New York

                                                  JOHN L. SINATRA, JR.
                                                  UNITED STATES DISTRICT JUDGE