UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
MAR 2 5 2021
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

FELIPE MARCUS,

        Plaintiff,

v.                                    20-CV-316 (JLS)

TIMOTHY HOWARD, Erie County
Sheriff, et al.,

        Defendants.

## ORDER

For the following reasons, *pro se* Plaintiff Felipe Marcus's "request" for issuance of a subpoena duces tecum for the production of "video footage of surveillance of the plaintiff" at the City of Buffalo Police Department, located at 74 Franklin Street, [1] Dkt. 11, is GRANTED.  Marcus's motion and request for the production documents from the Buffalo Police Department ("BPD"), Dkts. 10 and 12, are DENIED.  Further, Marcus must file an amended complaint as directed in the Court's prior Order, Dkt. 9, at 8-10, no later than **April 27, 2021**.  If Marcus fails to file an amended complaint by that date, this action will be dismissed with

---

[1] The Court presumes Marcus is referring to the BPD's former headquarters and central booking previously located at 74 Franklin Street.  BPD's headquarters and central booking have been relocated to 68 Court Street, Buffalo, New York 14202. *See* Central Booking, https://www.buffalony.gov/Directory.aspx?did=18 (last visited Mar. 24, 2021).

prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the complaint failed to state a claim upon which relief can be granted.

## DISCUSSION

### I.    Procedural Background

A complete summary of the procedural background can be gleaned from the Court's prior order dated January 25, 2021, Dkt. 9.  Before addressing Marcus's request for issuance of a subpoena duces tecum and motion and request for the production of documents, however, a short summary of the procedural background of this action is necessary, because it is rather confusing as a result of the plaintiff's uncertainty as to whom the proper defendants are.

Marcus filed this action under 42 U.S.C. § 1983 on March 16, 2020.  *See generally* Dkt. 1.  He alleged he was assaulted on March 30, 2018, while in the custody of the Erie County Sheriff's Department at the Erie County Holding Center ("ECHC"), following his arrest in the City of Buffalo that evening.  *See generally id.* He sued the Sheriff of Erie County, Jail House Administrator, and John Does 1-10, representing the unidentified Sheriff's Deputies he claims assaulted him.  *Id.*  Upon screening of the complaint under 28 U.S.C. § 1915(e)(2)(B, the Court (1) dismissed the claims against the named defendants, except John Does 1-10, unless Marcus filed an amended complaint by a certain date; (2) directed the County Attorney's Office, pursuant to *Valentin* v. *Dinkins*, 121 F.3d 72, 77 (2d Cir. 1997), to ascertain the identified of the John Does 1-10 Marcus alleged assaulted him; and (3) directed that if Marcus did not file an amended complaint as permitted, the Clerk of Court

2

should cause the United States Marshals Service to serve the Summons and Complaint on John Does 1-10, if and when they were identified.  Dkt. 3.  Marcus did not file an amended complaint.

The County filed a response to the Court's Order ("Valentin Response"). [2]  The Valentin Response stated that Marcus was not in the custody of ECHC on March 30, 2018—the date of the alleged assault—and, therefore, the County Attorney's Office could not determine the identities of John Does 1-10.  Dkt. 5, at 1-2.  Based on the Valentin Response, it appeared that Marcus was not in the custody of the Sheriff's Department at ECHC on the date of the alleged assault asserted in the complaint, March 30, 2018, and that the John Doe Defendants could not be identified because they could not have been involved in the alleged assault.  On December 2, 2020, to address this apparent inconsistency regarding the date of the alleged assault, the Court entered an Order directing Marcus to file a written response confirming the date of the alleged attack.  Dkt. 6.

Marcus's response did not provide a different date that the alleged attack occurred—rather, it provided more confusing information regarding his allegations and who the John Doe Defendants are.  *See generally* Dkt. 7.  Marcus provided several documents outlining his arrest by BPD Officers on March 30, 2018, his booking by the BPD, and an apparent drug-induced seizure he suffered during his booking.  *Id.*  He was hospitalized from March 30 through April 4, 2018, and was

---

[2] The Valentin Response was docketed with restricted access because it contains the names of other inmates booked at ECHC on March 30, 2018, the asserted date of the alleged incident.  Dkt. 5.

then transferred to ECHC. *Id.; see also* Dkt. 9, at 3-4. The records intimated that, if there was an assault as alleged, it occurred during or after his arrest or during booking by BPD, not the Erie County Sheriff's Department at ECHC. But Marcus never named as defendants the City of Buffalo or any of its police officers. His complaint thus failed to state a claim.

In its order, the Court noted that it had no obligation to plead Marcus's claims for him or to identify the putative defendants. Dkt. 9, at 7-8. Marcus was therefore directed to file an amended complaint no later than 30 days after the date of the Order (January 25, 2021). *Id.* at 8-9. He was advised that if he failed to file an amended complaint as directed this action would be dismissed without further order of the Court. Dkt. 9, at 8. Marcus was reminded of the statute of limitations, *see id.* at 8-9, and advised him that the Second Circuit had interpreted Fed. R. Civ. P. 15(c)(1) to "preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities[,]" as opposed to a mistake concerning the new defendants' identities. *Id.* (quoting *Liverpool v. Davis*, 442 F. Supp. 3d 714, 725 (S.D.N.Y. 2020) (citing *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013))).

On February 9, 2021, Marcus contacted the Court by phone to ask for a status update and informed the Court of his new address that he had set forth in his Response, Dkt. 7. Because it appeared that Marcus did not receive the prior Order, Dkt. 9, the Clerk sent him the prior Order, along with the complaint and a blank complaint form and instructions for filing an amended complaint. On March

4

15 and 16, Marcus filed the motion and request for documents and request for issuance of a subpoena duces tecum.  Dkts. 10-12.  Marcus, however, did not file an amended complaint as directed.  It appears by his recent filings that he may be attempting to obtain information to file an amended complaint or, in fact, believes, mistakenly, that he has named the City of Buffalo and/or officers of the BPD as defendants.  Marcus, however, cannot wait or hope to obtain the information from BPD and must timely file an amended complaint immediately as directed below.[3]

## II.   Motion and Request for Production of Documents

Marcus's motion and request seek the production of certain documents—mistakenly sought under Fed. R. Civ. P. 33 and 36, as opposed to the correct rule, Rule 34—from BPD, including policies regarding arrests and "assaults" on detainees, and any documents or reports related to the assault against him on March 30, 2018 and the allegations set forth in his complaint.  Dkt. 10.  This motion and request must be denied without prejudice.

First, Rule 34 requests for production of documents can be made only on a "party."  Fed. R. Civ. P. 34(a)(1).  While the captions of the motion and request list as defendants the City of Buffalo, BPD, two BPD Officers involved in his arrest, the Chief of Police and John Does, being "possible" officers of BPD, as defendants, these municipal entities and individuals are not, in fact, defendants at this time.  If Marcus intends to sue these defendants based on the allegations alleged in the

---

[3] The Court's prior order advised Marcus that he could contact the Court's Pro Se Assistance Program by phone and speak with a volunteer attorney and obtain advice and guidance with this case on a limited scope basis.  Dkt. 9, at 9.

complaint, he must file an amended complaint naming them as defendants and asserting factual allegations against them.

Second, even if the City of Buffalo, BPD and/or any individual officers were, in fact, defendants, any discovery requests are premature. *See* Fed. R. Civ. P. 26(d)(1). The Court has not directed service of the summons and complaint, *see* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(m), there has be no appearance of any defendant, *see* Fed. R. Civ. P. 12(a), and there has been no initial scheduling conference among the parties, *see* Fed. R. Civ. P. 26(d)(1), which does not occur until after service is completed and an answer to the complaint is filed and served.

Accordingly, Marcus's motion and request for the production of documents are denied without prejudice.

## III.   Request for Issuance and Service of Subpoena

### A.   <u>Issuance of Subpoena</u>

Marcus has filed a completed subpoena against BPD seeking the production of "video footage of surveillance of [him] at [BPD]." Dkt. 11. The subpoena has not been issued by the Clerk of Court nor served on BPD. The Court construes the subpoena as a request for issuance of a subpoena, *see* Fed. R. Civ. 45(a)(1)-(4), and service of the subpoena by the United States Marshals Service, *see* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 45(b)(1).

Rule 45(a)(3), provides that the Clerk "*must*" issue a subpoena . . . to a party who requests it." (Emphasis added). Federal courts have recognized their inherent power to monitor and control an indigent party's employment of the privileges

6

afforded under 28 U.S.C. § 1915 for the purpose of preventing abuse of the court's process and harassment of both parties and non-parties. *Luster v. Sands*, Cause No. 1:07-CV-245, 2008 WL 4449542, at *1 (N.D. Ind. Sept. 29, 2008) (first citing *Westbrook v. M–R P'ship*, No. 1:07-CV-140, 2008 WL 711866, at *1 (N.D. Ind. Mar. 14, 2008); then citing *Jackson v. Brinker*, No. IP 91-471-C, 1992 WL 404537, at *5 (S.D. Ind. Dec. 21, 1992) (citing *Estep v. United States*, 251 F.2d 579 (5th Cir. 1958)); and then citing *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (citing *Hecht v. Pro–Football, Inc.*, 46 F.R.D. 605, 606 (D.D.C. 1969))). "This power authorizes the Court to review indigent parties' subpoena *duces tecum* before service and to order the Marshals Service to reject service requests in certain circumstances." *Jackson*, 1992 WL 404537, at *5; *see also Lloyd v. McKendree*, 749 F.2d 705, 707 (11th Cir. 1985); *Manning v. Lockhart*, 623 F.2d 536, 539 (8th Cir. 1980).

"The decision of courts exercising inherent supervisory power over *in forma pauperis* subpoena generally discuss factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case (*e.g.*, whether the requested information is merely cumulative of evidence already in hand or is available in a manner less oppressive to the subpoenaed party)." *Jackson*, 1992 WL 404537, at *6; *see, e.g., Westbrook*, 2008 WL 711866, at *1; *Tuvalu v. Woodford*, No. CIV S-04-1724 DFL KJM P, 2006 WL 3201096, at *5 (E.D. Cal. Nov. 2, 2006); *Guy v. Maio*, 227 F.R.D. 498, 501 (E.D. Wis. 2005); *Coleman v. St. Vincent DePaul Soc'y*, 144 F.R.D. 92, 96

(E.D. Wis. 1992). A court should also "examine issues related to the expected compliance costs in light of Rule 45(c)(2)(B)'s provision that non-parties be protected against significant expense." *Jackson,* 1992 WL 404537, at \*5; *see also Westbrook,* 2008 WL 711866, at \*1; *Badman,* 139 F.R.D. at 605.

Recognizing its inherent discretion regarding the issuance and service of a indigent's subpoenas duces tecum, the Court concludes that—without pre-judging the propriety of the subpoena at issue, *see* Fed. R. Civ. P. 45(a)-(d)—the subpoena should be issued by the Clerk and served by the United States Marshals Service. If there is video footage of Marcus during his arrest or booking, it *may* be relevant to the assault he alleges occurred, which, as noted, is belied by the some of the medical records he attached to his Response to the prior order of the Court. Marcus is again reminded that he cannot await a response to the subpoena from the City of Buffalo's Police Department before filing an amended complaint as directed previously. He must file an amended complaint forthwith and as directed below.

## B. Service of Subpoena

Under Rule 45(b)(1), "[s]erving a subpoena requires delivering a copy to the named person . . . ." There is split among the courts whether Rule 45(b)(1) requires personal service of a subpoena "exclusively[.]" *Accurso v. Cooper Power Systems, Inc.,* No. 06CV848S, 2008 WL 2510140, at \*4 (W.D.N.Y. June 19, 2008) (collecting cases); *see also Calderlock Joint Venture, L.P. v. Adon Fruits & Vegetables, Inc.,* No. 09–CV–2507 (RRM)(RER), 2010 WL 2346283, at \*2-4 (E.D.N.Y. Apr. 21, 2010) ("The

8

language of [R]ule 45(b)(1)] does not make it clear whether 'delivery' necessitates in-hand, personal service or envisions other methods of service.") (citation omitted)).

Here, BPD's Headquarters is located directly across Niagara Square from the Robert H. Jackson Courthouse, where the Marshals Service is located. Accordingly, the Court will direct personal service upon BPD at 68 Court Street. If there are any restrictions regarding personal service due to COVID-19 restrictions, the Marshals Service can contact the Court and advise it of any such restrictions, at which time the Court can address whether service by mail is appropriate under Rule 45(b)(1). *See, e.g., Cartier v. Geneve Collections, Inc.,* No. 07–CV–201 (DLI)(MDG), 2008 WL 552855, at *1 (E.D.N.Y. Feb. 27, 2008) ("[A] growing number of courts . . . have held that 'delivery' under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness, rather than personal service.") (citations omitted) (denying plaintiffs' motion for a leave to serve subpoenas on defaulting defendants by certified mail because plaintiffs did not prove their diligent attempts to effectuate personal service).[4]

### ORDER

IT IS HEREBY ORDERED that Marcus's motion and request for production of documents, Dkts. 10, 12, are DENIED without prejudice; and it is further

ORDERED that Marcus's motion for issuance of a subpoena duces tecum is granted, Dkt. 11, and the Clerk of Court shall issue the subpoena filed by Marcus

---

[4] It is noted that Marcus's indigent status, while it covers costs of service of the subpoena, does not cover any other costs related to the subpoena, *e.g.*, cost of reproduction of the video requested, if such a video exists.

and is directed to cause the United States Marshals Service to **personally serve** the subpoena and this Order on the City of Buffalo Police Department, 68 Court Street, Buffalo, New York 14202, without Marcus's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in his favor; and it is further

ORDERED that Marcus must file an amended complaint as directed in the Court's Order, dated January 25, 2021, on or before **April 27, 2021**;[5] and it is further

ORDERED that if Marcus does not file an amended complaint on or before **April 27, 2021**, this action will be dismissed with prejudice without further order of the Court.


SO ORDERED.


DATED:      March 25, 2021
            Buffalo, NY


_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[5] The Court makes no determination at this time regarding the timeliness of any amended complaint.

10