UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
==============================
FELIPPE MARCUS,

               Plaintiff,

v.                                     Case No. 20-cv-316-JLS-LGF

CITY OF BUFFALO, et al.,

               Defendants.
==============================

### NOTICE OF CROSS-MOTION FOR EXTENSION OF TIME TO ACT AND FOR A PROTECTIVE ORDER

**PLEASE TAKE NOTICE**, that upon the annexed declaration and memorandum of law, defendants will cross-move this court for an order extending their time to respond to plaintiff's interrogatories and document requests pursuant to Rule 6(b)(1)(A), and for a protective order limiting the number of plaintiff's interrogatories pursuant to Rule 26(c). Defendants do not intend to file reply papers.

Dated:      Buffalo, New York
              April 5, 2022                     Respectfully submitted,

                                                      Cavette A. Chambers
                                                      Corporation Counsel
                                                      Attorney for Defendants

                                        By:    s/David M. Lee
                                                   Assistant Corporation Counsel
                                                   City of Buffalo Department of Law
                                                   65 Niagara Square, 1104 City Hall
                                                   Buffalo, New York 14202
                                                   (716) 851-9691
                                                   dlee@city-buffalo.com

To:    Felippe Marcus
        Pro Se Plaintiff
        3205 South Parker Road, Apt. 109
        Denver, Colorado 80014

## ATTORNEY DECLARATION

David M. Lee, an attorney admitted to practice in this court, declares under penalty of perjury and pursuant to 28 U.S.C. §1746 that the following is true and correct:

1. I am an Assistant Corporation Counsel for the City of Buffalo, of Counsel to Cavette A. Chambers, Corporation Counsel and attorney for the defendants. As such, I am fully familiar with this matter.

2. This declaration is offered in opposition to plaintiff's purported motions to compel (Doc. Nos. 68 & 69), and in support of defendants' motion for an extension of time to respond to plaintiff's interrogatories and document requests, and for a protective order limiting the number of plaintiff's interrogatories.

3. On or about March 6, 2022, plaintiff served document requests and five sets of interrogatories upon the defendants by regular mail (Doc. Nos. 60-65).

4. Several attorneys have recently left the Corporation Counsel's Office and they have not yet been replaced. I am working diligently and in good faith on all of my cases, however the demands of a large caseload make this motion necessary.

5. I called plaintiff yesterday about the number of interrogatories he served upon defendants. He did not answer so I left message stating that it was my intention to file a motion to limit his number of interrogatories unless he stipulated to the same. If plaintiff contacts me and so stipulates, I will advise the court immediately.

Dated:    Buffalo, New York
          April 5, 2022

                                                        s/David M. Lee

## MEMORANDUM OF LAW

6. A party has 30 days to respond to interrogatories and document requests. Fed.R.Civ.P. 33(b)(2); 34(b)(2)(A). Where service is made by mail, three (3) days are added to the time to respond pursuant to Rule 6(d). Thus, here, the defendants' responses to plaintiff's interrogatories and document requests are due by April 8, 2022.

7. Plaintiff's purported motions to compel are therefore premature because defendants' time to respond has not yet expired.

8. Plaintiff's motions are also premature because, with the exception of his request for a complete copy of the Cell Block video, plaintiff has not attempted to confer in good faith with defendants to obtain the information sought in his motions. *See* Fed.R.Civ.P. 37(a)(1); Loc.R.Civ.P. 7(d)(3).

9. For these reasons, plaintiff's purported motions to compel should be denied.

10. Good cause is required when a party seeks an extension before a deadline has passed. Fed.R.Civ.P. 6(b)(1)(A); *see Alexander v. Saul*, 5 F.4th 139, 154 (2d Cir. 2021) ("an application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party") (internal quotation marks omitted).

11. Generally, the burden of demonstrating good causes rests with the movant, whereas the burden of demonstrating prejudice rests with the non-movant. *See Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198 (S.D.N.Y. 2014) (motion for leave to amend the complaint).

12.     There has been no bad faith on the part of defendants. Defendants need additional time to respond due to the press of other business that has only increased due to an attorney shortage in the Corporation Counsel's Office.

13.     Defendants request permission to serve their responses to plaintiff's interrogatories and document requests within thirty (30) days of the date of entry of the order disposing of the instant motions.

14.     Lastly, defendants also move for a protective order pursuant to Rule 26(c), ordering plaintiff to identify which 25 interrogatories he wants answered.

15.     Absent a stipulation or permission of the court, a party may serve no more than 25 written interrogatories upon any other party. Rule 33(a)(1).

16.     In this case, the 25-interragotoary limitation should be applied to each side, as opposed to each party. *See Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 399 (S.D.N.Y. 2006) (although not deciding the issue, finding that the "each side" approach would be better in action where parties on the same side were represented by a single lawyer); *cf. Auther v. Oshkosh Corp.*, 2010 WL 1404125, at *3 (W.D.N.Y. 2010) (applying 25-interrogatory limitation per party, rather than per side, in action where plaintiffs' claims were sufficiently distinct from each other).

17.     Here, plaintiff has served 25 interrogatories on four of the individually named defendants and 23 interrogatories on the City of Buffalo, for a total of 123 questions (Doc. Nos. 61-65). This practice is unduly burdensome. The defendants are represented by the same attorney and their interests are aligned. Moreover, plaintiff's claims arise from the same incident in which he was allegedly assaulted,

4

5

and had money ($3,620.00) seized from him and not returned while in police custody (Doc. No. 15).

18. For these reasons, the nominally separate defendants should be considered one party for purposes of the 25-interagoatry limit.

19. For the reasons stated, defendants request an order denying plaintiff's motions to compel, and granting defendants' cross-motion in its entirety.

Dated:      Buffalo, New York
            April 5, 2022

                                    Respectfully submitted,

                                    Cavette A. Chambers
                                    Corporation Counsel
                                    Attorney for Defendants

                            By:     s/David M. Lee
                                    Assistant Corporation Counsel
                                    City of Buffalo Department of Law
                                    65 Niagara Square, 1104 City Hall
                                    Buffalo, New York 14202
                                    (716) 851-9691
                                    dlee@city-buffalo.com

## CERTIFICATE OF SERVICE

I certify that on April 5, 2022, I caused the foregoing to be served upon plaintiff by regular mail addressed to Felippe Marcus, 3205 South Parker Road, Apt. 109, Denver, Colorado 80014.

Dated:        Buffalo, New York
                 April 5, 2022

                                      s/David M. Lee