UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FELIPPE MARCUS,

    Plaintiff,

vs.

CITY OF BUFFALO, et al.,.

    Defendant(s)

1:20-cv-00316-JLS

Honorable: John L. Sinatra Jr.

## PLANTIFFS' AMENDED COMPLAINT FOR THE ILLEGAL SELLING OF HIS 2003 CADILLAC DEVILLE.

Plaintiff, In Propria Persona, brings this cause of action against the Defendant's for the illegal selling of his 2003 Cadillac DeVille.

## I. JURISDICTION

1. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

## II. VENUE

2. The District of New York is an appropriate venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III. PARTIES

3.    Plaintiff FELIPPE MARCUS, was a pretrial detainee, held at the Buffalo Police Department Group Holding Center, on March 30, 2018. He currently resides at 3205 South Parker Road Apt., #109, Denver, Colorado 80014.

4.    Plaintiff was arrested by Buffalo police officer's Defendant's Calvis X. McKnight and Vincent Humphrey, on March 30, 2018, at approximately 9:10pm.

5.    Plaintiff committed a Class A misdemeanor i.e. Criminal Possession of a Controlled Substance Seventh Degree. Near the vicinity of Humboldt Parkway and East DeLavan avenue, in the City of Buffalo, County of Erie, State of New York.

6.    After Plaintiff's arrest, he was escorted to the Central Group Holding Center / Central booking room at approximately 11:38pm.

7.    Upon belief the officers' decision to impound and tow the vehicle in which [Plaintiff] had been driving was made pursuant to the police departments' standard policy of safeguarding an arrestee's vehicle.

8.    Officer McKnight or Humphrey arranged to have the vehicle towed from the scene of the traffic stop.

9.    John Doe, is the owner of said towing company, where Plaintiff believes' his vehicle was towed. [Please note mailed a Motion to Compel Disclosure, to Mr. David Lee, to obtain the names and owners' of impound company and towing company, but yet have received no response, see paragraph's #4, #5, #7, #8 and #11].

## IV. FACTUAL ALLEGATIONS

10.   Officer McKnight or Humphrey, never provided "Notice" or "Inventor" sheet surrounding the towing of Plaintiffs' car.

11.   Plaintiff beliefs that the Buffalo Police Department (BPD) has a policy which states that "[a] vehicle may . . . be towed or impounded . . . [i]f the operator is arrested."

12.   Plaintiff beliefs there maybe an unwritten policy and practice of the (BPD) required . . . an inventory search of the car.

13.   Defendant's McKnight nor Humphrey, has provided Plaintiff with a impound report, or property custody receipt.

14.   Defendant's McKnight and Humphrey's "impoundment of Plaintiff vehicle may implicate rights guaranteed by the Fourth Amendment's protection against unreasonable searches and seizures.

15.   Its unclear to Plaintiff that an inventory search by McKnight and Humphrey, was conducted pursuant to "standardized criteria or established routine."

16.   Had the Defendant's secured and provided notice or inventory of Plaintiff's impound vehicle. It would protect the owner's property while the vehicle remains in police custody and [Police][Defendant's] from false claims of theft or loss and potential danger.

17.   Plaintiff contends that a seizure "occurs when there is some meaningful interference with an individuals possessory interests in that property.

17. Plaintiff does not contend that the defendant's initial stop of Plaintiff's car was lawful.

18. Plaintiff contends that McKnight and Humphrey and the City of Buffalo selling of the car without any notice hearing, inventory or property receipt, violated his rights under the Fourth Amendment to the United States Constitution and under Article I, § 12 of the New York Constitution.

19. Plaintiff contends that his motor vehicle was improperly sold by Officer McKnight, Humphrey or the City of Buffalo. Plaintiff beliefs' that he was entitled to the return of the vehicle. Such conduct violated his rights under the Fourth Amendment to the United States Constitution and under Article I, § 12 of the New York Constitution.

20. John Doe, is believed to be the owner of a towing company, within the City of Buffalo, and wherein Plaintiff believes' his vehicle was towed, and sold illegal.

21. John Doe, is believed to be the owner of a impound company, within the City of Buffalo, and wherein Plaintiff believes' his vehicle was towed, and sold illegal.

22. At all times relevant to the events described herein, all the Defendant's have acted under color of state law. Defendant's City of Buffalo, Calvis McKnight and Vincent Humphrey continue to act under color of state law.

## IV. CAUSES OF ACTION

23. Plaintiff supports' the following claims by reference to the previous paragraphs of this Complaint:

## COUNT I

24. The deliberate indifference of Defendant's City of Buffalo, Officer McKnight, and Officer Humphrey has deprived and continues to deprive Plaintiff of his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and under Article I, § 12 of the New York Constitution.

## COUNT II

25. The City of Buffalo's failure to intervene in the selling of Plaintiff's 2003 Cadillac Deville, while Plaintiff was in the hospital / an their custody, amounted to deliberate indifference in violation of Plaintiff's right under the Due Process Clause of the United States Constitution and under New York Constitution.

## COUNT III

26. The deliberate indifference of McKnight and Humphrey, and the City of Buffalo, deprived Plaintiff of his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the New York Constitution.

27. Plaintiff reserves all rights to add any additional Defendant's, when they become known.

## V PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court:

1. Declare that the acts and omissions described herein violated Plaintiff's rights under the Constitution and law of he United States.

2. Enter judgment in favor of Plaintiff for compensatory, and punitive damages, as allowed by law, against each Defendant, jointly and severally. In the amount of Five Thousand dollars.

3. Order such additional relief as this Court may deem just and proper.

## VERIFICATION

Plaintiff Felippe Marcus, being duly sworn, deposes and says:

1. I am the Pro Se attorney for the Plaintiff.

2. The above-entitled action has been commenced by the filing of Civil Rights No. 1:20-cv-00316-JLS against the Defendant on March 16, 2020.

3. I have been personally in charge of and am fully familiar with all the proceedings had in the above-captioned action since it commencement.

Pursuant to 28 U.S.C. 1746, I declare and verify under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

6

Executed on March, 26, 2022.

Dated: March 26, 2022

Respectfully submitted,

*Fleippe Marcus* (signature)
Fleippe Marcus
In Propria Persona
3205 South Parker Road Apt. #109
Denver, Colorado  80014

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing parties a copy of the foregoing document by first class United States mail in a properly addressed envelope with adequate postage thereon.

The individuals served are:

| | |
|---|---|
| Clerk of the Court<br>U.S. District Court<br>304 U.S. Courthouse<br>68 Court Street<br>Buffalo, New York  14202 | David M. Lee<br>Assistant Corporation Counsel<br>65 Niagara Square, 11th Floor<br>Buffalo, New York  14202 |

This 26th, day of March, 2022.

Dated: 3/26/22

Respectfully submitted,

*Felippe Marcus* (signature)
FELIPPE MARCUS
In Propria Persona
3205 South Parker Road Apt. 109
Denver, Colorado  80014

cc: FILE FM

Mr. Felippe Marcus
In Propria Persona
3205 South Parker Road, Apt. 109
Denver, Colorado  80014


1:20-cv-00316-JLS Marcus v.
City of Buffalo, et al.,.


Clerk of the Court
United States District Court
304 United States Courthouse
68 Court Street
Buffalo, New York  14202


To Whom It May Concern:


    Please find an original copy of the following document, that I respectfully request you file with this Honorable Court:


    1.    Plaintiffs' Amended Complaint For The Illegal Selling of His 2003 Cadillac Deville.

    2.    Proof of Service.


    Sincerely,

    *Mr. Felippe Marcus*
    Mr. Felippe Marcus
    In Propria Persona

Dated: 3/26/22

cc: file FM



FELIPPE MARCUS
3205 South Parker Road Apt. 109
Denver, Colorado 80014

20-CV-316

CLERK OF THE COURT
U.S. District Court
304 U.S. Courthouse
68 Court Street
Buffalo, New York 14202