

May 1, 2022
Felippe Marcus
3205 s. Parker rd.
Apt #109
Denver, Co 80014

Hon. Leslie G. Faschio
United States Magistrate Judge
2 Niagara Square
Buffalo New York 14202
Tel: (716) 551-1850

        [sub: request for cctv footage]

Dear judge Faschio,
    I am writing in regards to case #20-cv-316 Felippe Marcus - vs - City of Buffalo. The purpose of this letter is to show the character of the defendant's attorney, previously and present. Since these defendants have been represented by The City of Buffalo Corporation Counsel Law Department, they have been non-compliant with discovery.
Previously before David M. Lee represented the defendants; they were represented by attorney Maeve E. Huggins whom has been with this case since the filing of this case in 2018. Ms. Huggins has vast knowledge of this case. Shortly before Ms.Huggins early resignation in 2021. Ms.Huggins was issued a subpoena signed by Judge John L. Sinatra Jr. in or around April or May of 2021. Ms.Huggins complied with a subpoena for surveillance footage of the incident that took place at the Buffalo Police Department on March 30, 2018. Ms.Huggins mailed Ms.Marcus by postal mail (1) Disc or DVD entitled "Inmate suffers seizure." Upon inspection of the disc or DVD Mr.Marcus found discrepancies in camera 29, 30, and 26. Mr.Marcus submitted one DVD or disc to Forensic Pursuit to have Disc or DVD further investigated and analyzed by a professional Forensic team. Plaintiff contacted Ms.Huggins by U.S Postal mail of the findings of forensic pursuit.

                SEE ATTACHMENT LABEL
              "ATTORNEY MAEVE E. HUGGINS"

    (1)Disc or DVD
    (1) Forensic pursuit findings
    (1) Flash Drive
    (Picture of an officer with an object in hand.

Since Mr.Lee has been representing the defendants, I've contacted Mr.Lee more than several times by phone and through mail requesting a clear unredacted copy with volume of the incident on March 30th 2018 at the Buffalo Police Department. Mr.Lee advised me he did not have a copy of the footage. Mr.Lee has been informed numerous times about this footage and still Mr.Lee fails to comply with federal rule 26 (a) (I) (A) (i) (ii) (iii) and rule 34 (a) (A). Of civil Procedures.

Mr.Lee did provide me with a 2 (discs) or DVD's, 1) entitled *emergency medical with Maeve E. Huggins on the Disc or DVD. And D Disc or DVD of Entitled "Traffic Stop FM

SEE ATTACHMENT LABEL
Attorney David M.Lee.
(1)Disc or DVD entitled Medical Emergency\ Maeve E. Huggins FM
(1)Disc DVD entitled Traffic Stop FM

I pray in hopes asking this honorable court to intervene in this case and move the defendant's attorney David M.Lee to produce a clear unredacted copy of the incident on March 30, 2018 at the Buffalo Police Department in order for Mr.Marcus to provide an important evidence during the course of the case proceedings.

Respectfully,

Felippo Marcus



15 September 2021

Felippe Marcus
3205 S. Parker Rd., #109
Denver, CO 80014

RE: FP-21-246 Felippe Marcus

Forensic Pursuit was retained by Felippe Marcus for the purposes of reviewing the surveillance video file listed below.

    001:    Inmate suffers seizure.g64x

On July 13, 2021, Forensic Pursuit was provided video file 001 along with its player, *Genetec Video Player*, on a CD. Forensic working copies of the contents of the CD were created for all analysis.

The *Genetec Video Player* opens the video, displaying three cameras labeled "Cam 26 Group Holding Cell C-12 Cam," "Cam 30 Male Holding Facing S7," and "Cam 29 Northeast Holding Area Cam." The timelines for "Cam 30" and "Cam 29" have clear breaks in the timeline where sections of video have been redacted. This is commonly done when exporting video and producing from DVR systems to protect the privacy of individuals not involved in the case.

The video is stored in a proprietary format, .g64x, which is specific to its proprietary player. It will not open in common video players or editing software, and no evidence of post-production software was found in the hex data or metadata of the file.

Mr. Marcus identified three areas of interest at 11:57:14 PM, 12:34:29 AM and 12:34:58 PM, described in greater detail below:

- 11:57:14 PM: The officer appears to have something in his hand
- 12:34:29 AM: There is a break in the timeline
- 12:34:58 PM: The officer appears to be swinging his arm

Screenshots were captured from the player between 11:57:12.551 PM and 11:57:15.148 PM from "Cam 26 Group Holding Cell C-12 Cam" and for 12:34:56.029 AM through 12:35:04.035 AM from "Cam 29 Northeast Holding Area Cam." The screenshots were provided in full view, including the player and timestamps, in cropped view, and in zoomed view. The break in the timeline is an area that has been redacted.

Mr. Marcus later identified additional timeframes to be exported.

Camera 29:
- Screenshots/frames 12:08 through 12:10
- Screenshots/frames slightly before and after these times as we did before
- 12:17
- 12:33
- 12:37:02
- Screenshots/frames of these specific times

**Denver, CO**
2000 Arapahoe Street
Denver, Colorado 80205
Denver Local: 303-495-2082

**New York, NY**
445 Park Ave, 9th Floor
New York, NY 10022
New York Local: 917-740-2082

**Nashville, TN**
424 Church Street
Nashville, TN 37219
Nashville Local: 615-486-2082

**Los Angeles,** (
400 Continental Blvd 6th Fl(
El Segundo, CA 902
L.A Local: 424-341-20

**Nationwide Toll Free: 866-498-3420**

- o   11:56:31.762
- o   11:57:16.487 (zoomed in and screenshot)
- o   12:07:22.480
- o   12:08:17.460
- o   12:09:34.031
- o   12:11:57.298
- o   12:14:27.756
- o   12:17:31.758
- o   12:17:48.164
- o   11:56:13.252 through 11:57:16.587

Camera 30:
- o   Screenshots/frames of these specific times
- o   11:56:55.843
- o   11:56:41.236
- o   11:56:41.673
- o   11:56:40.304
- o   11:56:52.322
- o   11:56:52.714 through 11:57:06.014 (Zoomed in)
- o   11:57:06.802

Screenshots were captured from the player within the requested timeframes and at the specific frames requested. The screenshots were provided in full view, including the player and timestamps, and zoomed in when requested, also including the player and timestamps. Breaks in the timeline are due to areas which have been redacted.

On August 27th Mr. Marcus supplied three timecode locations depicting a silver object and a red beam of light. Screenshots were taken of these timecode locations as well as slightly before and after. The timecodes were as follow:
- o   11:56:31:762 – red beam of light
- o   11:57:16:526 – officer with silver object in hand
- o   12:01:56:640 – red beam of light in cell

Please let me know if there are any questions.

Regards,

*Angela Malley* (signature)

Angela Malley, ACE, CBE
Forensic Pursuit
303-495-2082





# CITY OF BUFFALO
## DEPARTMENT OF POLICE



BYRON W. BROWN
MAYOR

BYRON C. LOCKWOOD
COMMISSIONER

11/8/2018

Shaw & Shaw, PC
4819 South Park Avenue
Hamburg NY 14075
Attn: Christopher M. Pannozzo

Re: FOIL Request (Felippe Marcus)

The City of Buffalo Police Department (BPD) is in receipt of your Freedom of Information Law request. Please allow this letter to serve as an acknowledgment of your request pursuant to New York State Public Officer's Law, Section 89, entitled Freedom of Information Law.

The BPD has researched your request for information pertaining to Felippe Marcus. Be advised the BPD has provided you with the only video in their possession. Any other footage was lost due to an upgrade done by Buffalo Security & Fire CO. (see enclosed letter)

Additionally, Pursuant to Public Officers Law 87-2(a), an agency may deny access to records in accordance with other statutes. New York State Civil Rights Law §50-a applies to the vast majority of the requested records and prohibits general disclosure by a municipality, absent 1. consent of the involved officer(s) or 2. pursuant to a court order.

The New York State Civil Rights Law §50-a sets forth that a police officer's personnel records "shall be considered confidential and not subject to inspection or review without the express written consent of such police officer" or "except as may be mandated by lawful court order." Records maintained within internal investigation files of a police department are confidential and protected by the statute because the internal investigation records are used as evaluative tools to determine whether disciplinary proceedings should be commenced against the officer. Gannett Co. v. James, 86 A.D.2d 744, 745 (4th Dept., 1982); Wunsch v. City of Rochester, 438 N.Y.S.2d 896, 899 (Sup. Ct., Monroe County, 1981) therefore the part of your request to which you seek used of force reports, administrative records and complaints or grievances filed on a police officer is denied.

Please be advised that you have the right to appeal any denial contained herein in writing within thirty (30) days. Appeals must be directed to Timothy A Ball, Corporation Counsel, City of Buffalo Law Department, 1100 City Hall, Buffalo NY 14202.

Respectfully,
Jeff Rinaldo

Captain
HQ



Katrina Schmitt-Ruof <kschmitt-ruof@shawlawpc.com>

## Fwd: FOIL appeal
1 message

**Chris Pannozzo** <cpannozzo@shawlawpc.com>  Thu, Nov 29, 2018 at 3:15 PM
To: Katrina Schmitt-Ruof <kschmitt-ruof@shawlawpc.com>

---------- Forwarded message ---------
From: **Mathewson, William P.** <wmathewson@ch.ci.buffalo.ny.us>
Date: Tue, Nov 27, 2018 at 4:18 PM
Subject: FOIL appeal
To: cpannozzo@shawlawpc.com <cpannozzo@shawlawpc.com>


Mr. Pannozzo,

Per our conversation today, please be advised that the City of Buffalo conducted a diligent search for a use of force report responsive to your recent Freedom of Information Law appeal. The City found no use of force report pertaining to your client, Felippe Marcus.

Should you require any additional information, please contact the undersigned. Thank you.

Best,

William Mathewson

Assistant Corporation Counsel

(716) 851-5957

Felippe Marcus
3205 S. Parker Rd.
APT# 109
Denver, CO. 80014

USDC - WDNY
MAY 5 2022
BUFFALO

Hon. Leslie G. Foschio
United States Magistrate Judge
2 Niagara Square
Buffalo, New York 14202
Tel# (716) 551-1855