UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| FELIPPE MARCUS,<br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>CITY OF BUFFALO,<br>OFFICER CALVIS McKNIGHT,<br>OFFICER VINCENT HUMPHREY,<br>COMMISSIONER BRYON LOCKWOOD,<br>LIEUTENANT RONNY BLATCHFORD,<br>THOMAS LYNCH,<br>TYLER FONVILLE,<br>AARON WATKINS,<br>JOSEPH JUSZKIEWICZ,<br><br>　　　　　　　　　Defendants. | **DECISION**<br>**and**<br>**ORDER**<br><br>20-CV-316JLS(F) |

_____

APPEARANCES:　　　　FELIPPE MARCUS, *Pro Se*
　　　　　　　　　　　　2500 South Abilene Street
　　　　　　　　　　　　P.O. Box 441058
　　　　　　　　　　　　Aurora, Colorado   80044

　　　　　　　　　　　　CAVETTE CHAMBERS
　　　　　　　　　　　　CITY OF BUFFALO CORPORATION COUNSEL
　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　DAVID M. LEE, Assistant Corporation Counsel,
　　　　　　　　　　　　　of Counsel
　　　　　　　　　　　　1000 City Hall
　　　　　　　　　　　　65 Niagara Street
　　　　　　　　　　　　Buffalo, New York 14202

**JURISDICTION**

In this action alleging violations of Plaintiff's rights under the Fourteenth Amendment and state law, by papers filed October 11, 2022, Plaintiff moves to compel expert disclosures (Dkt. 102) and to compel fact discovery (Dkt. 103).  By papers filed November 1, 2022, Plaintiff further moves to compel fact discovery (Dkt. 108) (together,

"Plaintiff's motions").  Defendants' responses were filed November 8, 2022 (Dkts. 112, 113) ("Defendants' Responses").

In sum, Plaintiff's motions seek interrogatory answers, document production including unredacted surveillance video, and responses to Plaintiff's Requests for Admission.  *See* Dkt. 78, 79.  Defendants responses indicate Defendants have no objections, except with respect to Plaintiff's Interrogatories (*see* Dkts. 112 ¶ 14, Dkt. 113 ¶ 14), discussed, *infra*, to Plaintiff's motions, that Defendants will provide complete responses within 33 days, *see* Dkt. 112 ¶ 16; Dkt. 113 ¶ 16, and request the deadline for dispositive motions be extended by 90 days to February 28, 2023.  *See* Dkt. 112 ¶ 16; Dkt. 113 ¶ 16.  As indicated, Defendants object to Plaintiff's multiple interrogatories arguing that Rule 33(a)(1)'s limitation of 25 interrogatories per party should be construed to limit interrogatories to the "side" rather than per party.  *See* Dkt. 112 ¶ 14; Dkt. 113 ¶ 14 (citing *Zito v. Leasecomm Corp.,* 233 F.R.D. 395, 399 (S.D.N.Y. 2006)). Although the court in *Zito* acknowledges that such a construction may be appropriate in some instances, such an approach would require a case-by-case determination.  *Zito*, 233 F.R.D. at 399 (citing 8B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PROACTICE AND PROCEDURE § 2168.1, at 261 (2d. ed. 1994)**.**  Here, the individual police officer Defendants are alleged to have engaged in discrete forms of excessive force by use of, *e.g.*, "an unknown item" (*see* Dkt. 103 at 2), or a "Taser" (*see id*. at 5), physical contact with Plaintiff, and blows from "something" in the hands ("a silver object") of another of the Defendant officers.  *See id*. at 3.  As such, individual interrogatories to each officer Defendant are warranted in this case.  Moreover, Defendants' failure to timely object waives any further grounds for objections to any of

2

Plaintiff's discovery requests.  See In re DG Acquisition Corp., 151 F.3d 75, 84 (2d Cir. 1998) (citing cases).

## CONCLUSION

Plaintiff's motions (Dkts. 102, 103 and 108) are GRANTED.  Defendants shall respond to Plaintiff's outstanding discovery requests <u>within</u> <u>33</u> <u>days</u>.  Defendants' request to modify the Scheduling Order has been GRANTED in a Text Order filed November 28, 2022 (Dkt. 114).

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  December 1st, 2022
            Buffalo, New York

Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court **not later than 14 days** after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).